# In re Anthony E. RAMOS, Attorney

## File D2003-016

*Decided as amended November 15, 2005*[1]

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) Under the attorney discipline regulations, a disbarment order issued against a practitioner by the highest court of a State creates a rebuttable presumption that disciplinary sanctions should follow, which can only be rebutted upon a showing that the underlying disciplinary proceeding resulted in a deprivation of due process, that there was an infirmity of proof establishing the misconduct, or that discipline would result in injustice.

(2) A practitioner who has been expelled may petition the Board of Immigration Appeals for reinstatement after 1 year, but such reinstatement is not automatic and the practitioner must qualify as an attorney or representative under the regulations.

(3) The Government is not required to show that an attorney has "appeared" before it, because any attorney is a "practitioner" and is therefore subject to sanctions under the attorney discipline regulations following disbarment.

(4) Where the respondent was disbarred by the Supreme Court of Florida as a result of his extensive unethical conduct, expulsion from practice before the Board, the Immigration Courts, and the Department of Homeland Security is an appropriate sanction.

ON BEHALF OF RESPONDENT: Pro se

FOR EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, OFFICE OF GENERAL COUNSEL: Jennifer J. Barnes, Esquire, Falls Church, Virginia

FOR THE DEPARTMENT OF HOMELAND SECURITY: Rachel A. McCarthy, Associate Ethics Officer

BEFORE: Board Panel: OSUNA, Acting Vice Chairman; HOLMES and HURWITZ, Board Members.

---

[1] On our own motion, we amend the July 25, 2005, order in this case. The amended order makes editorial changes consistent with our designation of the case as a precedent.

OSUNA, Acting Vice Chairman:

On March 17, 2005, an Immigration Judge, acting as the adjudicating official in this case, ordered the respondent expelled from practice before the Immigration Courts, the Board of Immigration Appeals, and the Department of Homeland Security (the "DHS," formerly the Immigration and Naturalization Service). The respondent has filed an appeal with the Board. The appeal will be dismissed.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent was disbarred from the practice of law by the Supreme Court of Florida on December 18, 1997, based on the court's approval of the November 12, 1997, report of a referee. The referee noted that the respondent was given numerous opportunities to respond to the Florida Bar's complaint but chose not to do so. According to the referee, the respondent also failed to appear at a hearing concerning the proper sanction in the case.

After reviewing the respondent's numerous disciplinary violations, the referee concluded that "reduced to its bare essence, this is a theft case. For a period of six (6) years, respondent did not have sufficient funds in his trust account to cover all client liabilities. At its zenith, there was a total trust account shortage of $396,765.02." In addition to the misappropriation of client funds, the respondent forged his clients' signatures on settlement drafts. In that regard the referee stated, "As with misuse of client funds, the Supreme Court of Florida takes a very dim view of forgery."

The referee also found that the respondent had failed to obey a court order and deliberately lied to a tribunal. Furthermore, the referee noted that the respondent "has engaged in a myriad of other unethical conduct . . . which would warrant disbarment several times over." Such unethical conduct included misrepresentation to successor counsel, collecting excessive fees, and representing a client without authority, among many other things. According to the referee, the "respondent has brought into play almost every aggravating factor in The Florida Standards." The referee therefore found it appropriate to recommend that the respondent receive "enhanced disbarment," meaning that he cannot apply for reinstatement in Florida for 20 years.

Consequently, on October 21, 2004, the DHS initiated disciplinary proceedings against the respondent with the issuance of a Notice of Intent to Discipline and petitioned for the respondent's immediate suspension from practice before the DHS on October 25, 2004. *See* 8 C.F.R. § 1292.3 (2004). On November 4, 2004, the Office of General Counsel for the Executive Office

for Immigration Review ("EOIR") asked that the respondent be similarly suspended from practice before the EOIR, including the Board and the Immigration Courts. On December 6, 2004, we granted the Government's petition for immediate suspension.

As the respondent requested a hearing on the charges in the Notice of Intent to Discipline, the record was forwarded to the Office of the Chief Immigration Judge under 8 C.F.R. § 1003.106 (2005), which states that in attorney discipline cases, that office shall appoint an adjudicating official (an Immigration Judge) when an answer is filed. *See* 8 C.F.R. § 1292.3(f) (2005); *see also Matter of Gadda*, 23 I&N Dec. 645, 647 (BIA 2003), *aff'd*, *Gadda v. Ashcroft*, 377 F.3d 934 (9th Cir. 2004).

On March 17, 2005, the Immigration Judge expelled the respondent from practice before the Immigration Courts, the Board, and the DHS. The Immigration Judge determined that an evidentiary hearing was not necessary, as the respondent contested only jurisdiction, which had been established. The Immigration Judge issued another order on March 29, 2005, in which he declined to reconsider his final order. The respondent filed a timely appeal with the Board on April 14, 2005, and subsequently the parties submitted briefs. *See* 8 C.F.R. § 1003.106(c) (providing that the Board has jurisdiction to review the decision of the adjudicating official and conducts a de novo review of the record); 8 C.F.R. § 1292.3(f); *see also Matter of Gadda*, *supra*, at 647.

## II. ANALYSIS

As alleged by the DHS in its Notice of Intent to Discipline, the respondent has been disbarred in the State of Florida. We therefore find that there are grounds for discipline. 8 C.F.R. §§ 1003.102(e)(1), 1292.3(b) (2005).

The regulations provide for summary disciplinary proceedings against a practitioner who, like the respondent, has been disbarred by the highest court of a State. 8 C.F.R. § 1292.3(c). Where the DHS brings proceedings based on a final order of disbarment, such an order creates a rebuttable presumption that disciplinary sanctions should follow. 8 C.F.R. § 1292.3(c)(3)(ii). Such a presumption can only be rebutted upon a showing that the underlying disciplinary proceeding resulted in a deprivation of due process, that there was an infirmity of proof establishing the misconduct, or that discipline would result in injustice. *Id.*; *see also Matter of Gadda*, *supra*, at 648.

The DHS correctly notes in its brief that the respondent set forth seven issues for review in his Notice of Appeal, which were restructured into several issues in the respondent's brief. We also note that the respondent filed a "Reply Brief" on June 10, 2005. We agree with the DHS that the issues raised by the respondent lack merit.

First, the respondent argues that the disciplinary proceedings are unwarranted, because he was disbarred in 1997 and he could have been reinstated by 1998 had the DHS initiated these proceedings in 1997. The respondent refers to 8 C.F.R. § 1003.107 (2005), which allows for reinstatement to practice before the Board, the Immigration Courts, and the DHS. *See also* 8 C.F.R. § 1292.3(f). A practitioner who has been expelled may petition the Board for reinstatement after 1 year. *See* 8 C.F.R. § 1003.107(b).

As the DHS points out, however, reinstatement is not automatic, simply upon the passage of time. Even had the respondent been expelled from practice before the Board, the Immigration Courts, and the DHS at an earlier date, he would not be eligible for reinstatement because he could not qualify as an attorney under 8 C.F.R. § 1001.1(f) (2005), or as a representative under 8 C.F.R. § 1001.1(j). *See* 8 C.F.R. § 1003.107(b). As a result of the respondent's egregious violations of the Florida Rules, he cannot be reinstated to practice law in Florida for 20 years, and he makes no claim that he has been readmitted to practice law in that State. Moreover, he does not meet the definition of a "representative" under 8 C.F.R. § 1001.1(j), as he is not an accredited representative under 8 C.F.R. § 1292.1(a)(4) (2005) and does not otherwise show that he is "entitled to represent others."

The respondent also argues that the penalty imposed on him by the Immigration Judge, i.e., expulsion, was unfair, because other attorneys have not faced such a severe sanction. The regulations provide that expulsion is one sanction that may be applied against an attorney. *See* 8 C.F.R. § 1003.101(a)(1) (2005). We agree with the Immigration Judge that expulsion is an appropriate sanction in this case. As noted above, the Supreme Court of Florida accepted a referee's report, which found that the respondent had misused client funds, forged client signatures, charged excessive fees, and lied to a tribunal. As a result, the respondent received "enhanced disbarment," which precludes reinstatement to the Florida Bar for 20 years. Given the Supreme Court of Florida's endorsement of the referee's report finding extensive unethical conduct committed by the respondent, it is more than appropriate that the respondent be expelled from practice before the Board, the Immigration Courts, and the DHS. *See Matter of Gadda*, *supra*, at 649 (finding expulsion from practice appropriate where the respondent had engaged in "egregious and repeated acts of professional misconduct" that resulted in expulsion by the Supreme Court of California).

The respondent also contends that disciplinary sanctions may not be imposed against him because he is no longer an attorney as a result of his disbarment. The DHS counters that the respondent "seeks to render a nullity one of the most commonly charged grounds upon which disciplinary sanctions are imposed by adjudicating officials and the Board." The regulations provide that disciplinary sanctions may be applied against an attorney who has been disbarred.

8 C.F.R. §§ 1003.102(e)(1), 1292.3(b); *see also Matter of Gadda*, *supra*, at 649. Clearly, therefore, the respondent is subject to expulsion as a disbarred attorney.

To the extent that the respondent claims that he is not subject to sanctions because he did not "practice" before the DHS, his argument fails, as we earlier found in issuing an immediate suspension order on December 6, 2004. The regulations make clear that any "practitioner" is subject to sanctions under the attorney discipline regulation, and that any practitioner who has been disbarred by the highest court in a State can be immediately suspended from practice. *See* 8 C.F.R. §§ 1292.3(a)(2), (c). A "practitioner" includes any attorney, as defined at 8 C.F.R. § 1001.1(f). *See* 8 C.F.R. § 1292.3(a)(2). Therefore, because the respondent is an attorney, he is subject to sanctions as a "practitioner," and the Government is not required to show that he has "appeared" before it.

In any event, as we stated in our December 6, 2004, order, the DHS showed that the respondent is the executive director of "All American Immigration Association" and had submitted numerous G-28 forms (Notice of Entry of Appearance as Attorney or Representative), in which he claimed to be an "agent" for the party appearing before the DHS. Given this, the respondent clearly "practiced" before the DHS. *See* 8 C.F.R. § 1001.1(i) (defining "practice" as the "act or acts of any person appearing in any case, either in person or through the preparation or filing of any brief or other document, paper, application, or petition on behalf of another person or client before or with the [DHS], or any officer of the [DHS], or the Board").

The respondent asserts that the Immigration Judge did not give him sufficient time to prepare his case. He also makes accusations that the Government defrauded the Immigration Judge and Board. His arguments are without merit, and his accusations are unfounded. On January 11, 2005, the Immigration Judge issued an order directing the parties to present a "statement of issues to be decided at hearing, a detailed description of any evidence that they intend to present (including names of any witnesses and copies of any documents), and a statement clearly establishing the relevance of each item of evidence to an issue to be decided at hearing." The DHS presented evidence that the respondent has been disbarred, as well as evidence that the respondent had practiced before the DHS after being disbarred, including appearance forms and other documents filed by the respondent with the DHS. The respondent fails to show that he was denied adequate time to respond to the documents filed by the DHS, which clearly show that he "practiced" before the DHS.

Additionally, to the extent that the respondent attempts to rebut the presumption of professional misconduct established by his disbarment in Florida, we note that the presumption can be rebutted only by demonstrating by clear, unequivocal, and convincing evidence that the underlying disciplinary proceeding resulted in a deprivation of due process, that there was an infirmity

of proof establishing the misconduct, or that discipline would result in injustice. *See* 8 C.F.R. § 1292.3(c)(3)(ii); *see also Matter of Gadda*, *supra*, at 648.  As we found in our December 6, 2004, immediate suspension order, the respondent was given notice of the Florida proceedings, but he chose not to answer the Bar's complaint, and he later elected not to appear at a hearing concerning the sanction.  The referee's report clearly detailed the respondent's misconduct leading to his disbarment.  The respondent made no showing that the proceedings in Florida were unfair, or that he required additional time to dispute the presumption that disciplinary sanctions based on his disbarment should follow.

Finally, the respondent argues that the Immigration Judge erred by issuing his decision without a hearing.  The Immigration Judge correctly decided that the respondent's prehearing statement failed to establish that a hearing was necessary.  There are no issues of material fact that would require a hearing in this case.  As noted, a final order of disbarment creates a rebuttable presumption of professional misconduct, which results in disciplinary sanctions unless the presumption is rebutted. 8 C.F.R. § 1292.3(c)(3)(ii).  The respondent offered nothing to suggest that the Florida proceedings were unfair and has identified no issues that would require an evidentiary hearing. *See Matter of Gadda*, *supra*, at 648.

## III.  CONCLUSION

In sum, with agree with the DHS that clear, unequivocal, and convincing evidence establishes that it is in the public interest to discipline the respondent, based on the final order of disbarment issued by the Supreme Court of Florida on December 18, 1997.  We further conclude that expulsion is the appropriate sanction.

**ORDER**: The respondent's appeal is dismissed, and he is expelled from practice before the Board, the Immigration Courts, and the DHS.