# In re Miguel GADDA, Attorney

## File D2000-048

*Decided as amended on September 25, 2003*[1]
*Decided September 25, 2003*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) An attorney who practices immigration law in proceedings before the Board of Immigration Appeals, the Immigration Courts, and the Department of Homeland Security must be a member in good standing of a State bar and is therefore subject to discipline by State bar authorities.

(2) The Board of Immigration Appeals has authority to increase the level of disciplinary sanction initially imposed by an adjudicating official against an attorney.

(3) Where the respondent was disbarred by the Supreme Court of California based on his egregious and repeated acts of professional misconduct over a number of years, expulsion from practice before the Board of Immigration Appeals, the Immigration Courts, and the Department of Homeland Security is an appropriate sanction.

Pro se

FOR EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, OFFICE OF GENERAL COUNSEL: Jennifer J. Barnes, Esquire, Falls Church, Virginia

FOR THE DEPARTMENT OF HOMELAND SECURITY:[2] Javier Balasquide, Appellate Counsel

BEFORE: Board Panel: HOLMES, Acting Vice Chairman; HURWITZ and OSUNA, Board Members.

HOLMES, Acting Vice Chairman:

---

[1] On our own motion, we amend the July 8, 2003, order in this case. The amended order makes editorial changes consistent with our designation of the case as a precedent.

[2] The functions of the Immigration and Naturalization Service have been transferred to the Department of Homeland Security pursuant to the Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135. The transfer occurred on March 1, 2003. *See Matter of D-J-*, 23 I&N Dec. 572, 573 n.1 (A.G. 2003).

The respondent is subject to a final order of disbarment by the Supreme Court of California and has been removed from the roll of attorneys authorized to practice before the United States District Court for the Northern District of California. For the reasons that follow, the respondent will be expelled from practice before the Board of Immigration Appeals, the Immigration Courts, and the Department of Homeland Security ("DHS"), formerly the Immigration and Naturalization Service.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In a decision filed on July 30, 2001, a judge of the California State Bar Court, Hearing Department, recommended that the respondent be disbarred and ordered him placed on involuntary inactive enrollment. According to Judge Eugene E. Brott of the California State Bar Court, the respondent "engaged in a continuous course of conduct which included client abandonment, lack of competence and financial irresponsibility" when representing individuals in immigration cases. Judge Brott noted that "[t]he serious acts of misconduct" committed by the respondent began in 1994 and continued until 2000. Although finding that the respondent was well liked and courteous to the court and opposing counsel, Judge Brott stated that the respondent "does not fully accept what others have said about the magnitude of the harm he has caused—and the potential for more harm if he continues his same course of conduct." The judge noted that the respondent had previously been disciplined in 1990 for the same conduct. *See Gadda v. State Bar*, 787 P.2d 95 (Cal. 1990).

As a result of Judge Brott's recommendation, on September 14, 2001, the Office of General Counsel ("OGC") for the Executive Office for Immigration Review initiated disciplinary proceedings against the respondent and petitioned for his immediate suspension from practice before the Board of Immigration Appeals and the Immigration Courts. On September 20, 2001, the DHS asked that the respondent be similarly suspended from practice before that agency. On October 2, 2001, we suspended the respondent from practicing before the Board, the Immigration Courts, and the DHS, pending final disposition of this proceeding. We declined to reconsider that decision on December 18, 2001, and February 26, 2002.

The OGC filed a Notice of Intent to Discipline pursuant to 8 C.F.R. § 3.105 (2002)[3] on February 6, 2002. The respondent requested a hearing on the charges, and an Immigration Judge was assigned to the case as the "adjudicating

---

[3] As a result of the transfer of the functions of the Immigration and Naturalization Service to the Department of Homeland Security, the regulations in chapter I of the Code of Federal Regulations were transferred or duplicated to a new chapter V, and this regulation is now codified at 8 C.F.R. § 1003.105. *See* Aliens and Nationality; Homeland Security; Reorganization of Regulations, 68 Fed. Reg. 9824, 9831 (Feb. 28, 2003), 2003 WL 553495. References in this decision to the current version of the regulations will therefore be cited according to their new designation.

official." 8 C.F.R. § 3.106(a)(1)(i) (2002). On May 2, 2002, the OGC filed a motion to amend the Notice of Intent to Discipline based on the fact that the United States District Court for the Northern District of California entered an order on March 29, 2002, removing the respondent's name from the roll of attorneys authorized to practice before it.

The adjudicating official entered the transcript of the hearing before Judge Brott into the record, as agreed by the parties. The parties were given an opportunity to identify any material fact that would necessitate an evidentiary hearing. On August 22, 2002, the adjudicating official issued an order suspending the respondent indefinitely from practice before the Board, the Immigration Courts, and the DHS. Having reviewed the record, which was over 1,000 pages, the adjudicating official found that the "Respondent had ample opportunities to question or call witnesses. The judge's conclusions are well supported by the facts in the record. There is no suggestion that Respondent was treated unfairly or that his due process rights have been violated in any way." The adjudicating official further stated that the "Respondent has not denied any of the factual findings made in Judge Brott's order and there is simply no issue as to any material fact which would require an evidentiary hearing."

On August 26, 2002, the Review Department of the California State Bar Court affirmed Judge Brott's decision that the respondent should be disbarred. *In re Gadda*, 4 Cal. State Bar Ct. Rptr. 416, 2002 WL 31012596 (Cal. Bar Ct. 2002). On September 19, 2002, the respondent filed an appeal with the Board from the adjudicating official's August 22, 2002, decision. *See* 8 C.F.R. § 1003.106(c) (providing that the Board has jurisdiction to review the decision of the adjudicating official and conducts a de novo review of the record).

On January 22, 2003, the California Supreme Court disbarred the respondent from the practice of law in that state. The OGC again sought to amend the Notice of Intent to Discipline on January 29, 2003, based on this action. On February 11, 2003, the respondent filed a motion with the Board, arguing that (1) the order of the California Supreme Court was not final; (2) the Board should hold proceedings in abeyance pending a decision in a lawsuit he had filed; and (3) he should have a hearing on the charges in the January 29, 2003, Notice of Intent to Discipline. The parties thereafter filed briefs concerning the respondent's appeal of the adjudicating official's August 22, 2002, decision.

## II.  ANALYSIS

### A.  Grounds for Discipline

As alleged by the OGC in its January 29, 2003, Notice of Intent to Discipline, the respondent is subject to a final order of discipline in the jurisdiction of the state in which he is admitted to practice. 8 C.F.R. § 1003.102(e)(1). We therefore find that there are grounds for discipline of the respondent.

In his brief on appeal, the respondent argues that the California State bar cannot discipline him, and that only the California Supreme Court can issue a

final order of disbarment. Even before the respondent filed his brief, however, these arguments had become moot in light of the California Supreme Court's January 22, 2003, decision to disbar him from the practice of law in that state.

The respondent asserts that the disbarment order of the California Supreme Court is not "final," because he has appealed this determination to the United States Supreme Court. The respondent's disbarment, however, is not on "appeal." Rather, he has filed a petition for writ of certiorari, and the Supreme Court's decision whether to grant certiorari is discretionary. *See Duquesne Light Co. v. Barasch*, 488 U.S. 299, 306, 307 n.4 (1989) (stating that persons aggrieved by state court judgments must file a petition for certiorari with the United States Supreme Court, rather than appeal); 28 U.S.C. § 1257(a) (2002). In any case, the respondent's petition has now been denied by the Supreme Court. *Gadda v. State Bar of California*, 123 S. Ct. 2618 (2003). Moreover, the respondent has provided no reason why our decision should be held in abeyance pending a lawsuit he has filed in the United States Court of Appeals for the Ninth Circuit.

The respondent also argues that he should receive a hearing concerning the OGC's January 29, 2003, amended Notice of Intent to Discipline, which sought sanctions based on his disbarment by the California Supreme Court. Although the action of the California Supreme Court took place after the adjudicating official's August 22, 2002, decision, we see no reason for a hearing on the charges stemming from the California Supreme Court's disbarment order. Where the OGC brings proceedings based on a final order of disbarment, such an order creates a rebuttable presumption that disciplinary sanctions should follow. 8 C.F.R. § 1003.103(b)(2). Such a presumption can be rebutted only upon a showing that the underlying disciplinary proceeding resulted in a deprivation of due process, that there was an infirmity of proof establishing the misconduct, or that discipline would result in injustice. *Id.*

The adjudicating official reviewed the voluminous record presented to the California State Bar Court judge and determined that the respondent was treated fairly and that there were no issues of material fact raised. Where the disbarment order of the California Supreme Court was an endorsement of actions taken against the respondent by the California State bar, and where the adjudicating official has found that the proceedings before the State bar were conducted fairly, there is no need for a hearing. Indeed, the respondent has identified no issues that would require an evidentiary hearing.

In his brief to the Board, the respondent argues that the authorities in California lack jurisdiction to suspend him from practice because he practices immigration law. We addressed this argument in our December 18, 2001, decision. Pertinent regulations provide that an alien may be represented by an attorney in immigration proceedings. 8 C.F.R. § 1292.1. The regulations further provide that an "attorney" is a person who is a member in good standing of a State bar. 8 C.F.R. § 1001.1(f). There is no basis for arguing that the respondent is not under the jurisdiction of the California State bar simply because he practices immigration law. *See Waters v. Barr*, 747 P.2d 900, 902

(Nev. 1987) (finding that assistant United States attorneys who were admitted to practice or engaged in the practice of law in Nevada were subject to discipline by the state's Supreme Court and stating that there is "no question that an attorney may be subjected to discipline from any bar association to which he is a member").

## B.  Expulsion From Practice

In his August 22, 2002, order, the adjudicating official suspended the respondent indefinitely from practice before the Board, the Immigration Courts, and the DHS.  In its amended Notice of Intent to Discipline, and its brief to the Board, the OGC seeks to have the respondent expelled from practice before those entities.  *See* 8 C.F.R. § 1003.101(a)(1) (providing that expulsion is one form of sanction that may be applied against an attorney).  We agree that expulsion is the correct sanction to be applied against the respondent, based on his egregious and repeated acts of professional misconduct over a number of years and his disbarment by the Supreme Court of California, as well as by the United States District Court for the Northern District of California.  As noted by the Review Department of the California State Bar Court,

> [R]espondent engaged in multiple acts of misconduct over an extended period of time.
>  . . . .
>  . . . [R]espondent demonstrated indifference toward rectification of or atonement for the consequences of his misconduct.
>  . . . .
>  . . . [W]e . . . doubt that any discipline less than disbarment can adequately protect the public against future acts of misconduct of the type which respondent has repeatedly committed. . . .  There is no evidence that respondent is cognizant of the seriousness of his misconduct. . . .  He refuses to take responsibility for his conduct.

*In re Gadda*, *supra*, 2002 WL 31012596, at *31.  Accordingly, the respondent's appeal will be dismissed and the following order will be entered.

**ORDER:**  The respondent's appeal is dismissed and he is expelled from practice before the Board, the Immigration Courts, and the DHS.

## BEFORE THE BOARD
(September 25, 2003)

On July 8, 2003, we expelled the respondent from practice before the Board, the Immigration Courts, and the Department of Homeland Security ("DHS"), formerly the Immigration and Naturalization Service.  The respondent has filed a motion to reconsider, which is opposed by the Office of General Counsel ("OGC") for the Executive Office for Immigration Review.  The motion will be denied.

   Most of the respondent's arguments were fully addressed in our previous decision and will not be repeated. We decline to reconsider this case en banc, as the respondent has requested.

   The respondent argues that we should reconsider our decision to order a higher level of discipline than that reached by the adjudicating official. He relies on the decision of the United States Court of Appeals for the Ninth Circuit in *Noriega-Lopez v. Ashcroft*, 335 F.3d 874 (9th Cir. 2003), which was decided on July 9, 2003, the day after we reached our decision. In that case, the court held that the Board lacks authority to issue a removal order in the absence of such an order by an Immigration Judge.

   We agree with the OGC that *Noriega-Lopez v. Ashcroft* is inapposite to this case. As we noted in our previous decision, the Board conducts a de novo review of the record in an attorney discipline appeal. *See* 8 C.F.R. § 1003.106(c). The respondent has pointed to nothing in the pertinent regulations that precludes us from increasing the penalty initially ordered by the adjudicating official. Indeed, the relevant regulations state that the adjudicating official, *or* the Board, may impose disciplinary sanctions, one of which is expulsion. *See* 8 C.F.R. § 1003.101(a)(1).[1]

   **ORDER:** The respondent's motion to reconsider is denied.

---

[1]   We note that although the respondent has been expelled from practice by the Board, he may seek reinstatement under appropriate circumstances. *See* 8 C.F.R. § 1003.107(b).