**Gloria AMEZQUITA GARCIA,**
**Petitioner,**

**v.**

**John ASHCROFT, Attorney**
**General, Respondent.**

No. 03–70186.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 13, 2004.

Decided Oct. 7, 2004.

John Ayala, Cobos and Ayala, Los Angeles, CA, for Petitioner.

Alma Cobos–Ayala, Law Offices of Cobos & Ayala, Los Angeles, CA, Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Thomas C. Lederman, U.S. Department of Justice, Washington, DC, for Respondent.

Before: HAWKINS, THOMAS, and BEA, Circuit Judges.

### MEMORANDUM *

Gloria Amezquita Garcia ("Amezquita") seeks review of a Board of Immigration Appeals ("BIA") order summarily affirming the Immigration Judge's ("IJ") denial of her suspension of deportation, a denial based on a failure to prove good moral character and extreme hardship. Amezquita argues that her counsel before the IJ was ineffective and that the BIA erred in streamlining her case. We deny the petition.

■ The record supports Amezquita's charges that her counsel before the IJ, Jeremy Frost, was inadequate as he (1) presented almost no evidence on her behalf; (2) showed up to hearings without her file; (3) failed to conduct an adequate criminal record check; (4) repeatedly mailed her notices to the wrong address; (5) never met or contacted her except immediately prior to hearings; and (6) charged her $400 for a hearing only to then seek a delay because of his own scheduling conflict.[1]

■ Despite the appalling representation that Frost provided, Amezquita cannot establish a due process violation because she cannot show that "the outcome of the proceeding may have been affected by the alleged violation." *Munoz v. Ashcroft*, 339 F.3d 950, 955 (9th Cir.2003) (Court of Appeals denied petition for review, finding no prejudice resulting from attorney's advice to drop asylum claim where petitioner would not qualify for asylum). Her family still lives in Guatemala, no one depends on her financially, and her essential claim of hardship is that she has friends in the United States, and it would be hard for her to find work in Guatemala. These facts are insufficient to support her claim that extreme hardship may have been found with the help of adequate counsel. *See Iturribarria v. INS*, 321 F.3d 889, 902–03 (9th Cir.2003).

Amezquita further argues that the BIA erred in streamlining her case. While this case is somewhat unusual because Amezquita presented new claims to the BIA that the IJ had not ruled on, we can reach the merits of the ineffective assistance claim, thereby making "an additional review of the streamlining decision itself [ ] superfluous." *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 855 (9th Cir.2003) (citing *Georgis v. Ashcroft*, 328 F.3d 962, 967 (7th Cir.2003)); *see also Garcia–Martinez v. Ashcroft*, 371 F.3d 1066, 1078 (9th Cir. 2004) (applying *Falcon Carriche* and de

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because Frost did not appear before this court, we cannot take steps to insure that this level of representation will not be visited upon future petitioners. The BIA, however, is in a position to examine Frost's performance and determine whether he should continue to represent individuals seeking immigration assistance. *See In re Gadda*, 23 I & N Dec. 645 (BIA 2003).

clining to review streamlining decision where panel could review the merits of the claim). We, therefore, decline to review the BIA's decision to streamline this case.

**PETITION DENIED.**

