# In re Mac TRUONG, Attorney

File D2004-015

*Decided as amended November 16, 2006[1]*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) Under the attorney discipline regulations, a disbarment order issued against a practitioner creates a rebuttable presumption of professional misconduct, which can only be rebutted by a showing that the underlying disciplinary proceeding resulted in a deprivation of due process, that there was an infirmity of proof establishing the misconduct, or that discipline would result in grave injustice.

(2) Where the respondent was disbarred by the highest court of the State of New York, based in large part on his misconduct in a State court action, and where none of the exceptions to discipline are applicable, suspension from practice before the Board of Immigration Appeals, the Immigration Courts, and the Department of Homeland Security for 7 years is an appropriate sanction.

ON BEHALF OF RESPONDENT: Pro se

FOR EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, OFFICE OF GENERAL COUNSEL: Jennifer J. Barnes, Esquire, Falls Church, Virginia

FOR THE DEPARTMENT OF HOMELAND SECURITY: Eileen M. Connolly, Appellate Counsel

BEFORE: Board Panel: HURWITZ, Acting Vice Chairman; HOLMES and GRANT, Board Members.

HURWITZ, Acting Vice Chairman:

On March 30, 2006, an Assistant Chief Immigration Judge, acting as the adjudicating official in this case, ordered the respondent suspended from practice before the Immigration Courts, the Board of Immigration Appeals, and the Department of Homeland Security ("DHS") for a period of 7 years,

---

[1] The Office of General Counsel for the Executive Office for Immigration Review filed a motion requesting that we amend our August 16, 2006, order in this case and designate it as a precedent. The motion is granted. The amended order makes editorial changes consistent with our designation of this case as a precedent.

commencing on August 11, 2005. The respondent appealed from that decision.[2] The appeal will be dismissed.

## I. FACTUAL AND PROCEDURAL HISTORY

Disciplinary proceedings were instituted against the respondent in New York, based in large part on his professional misconduct in a landlord-tenant dispute in which he was found to have offered a forged lease into evidence and given false testimony in support of that evidence. *See Broadwhite Assocs. v. Truong*, 740 N.Y.S.2d 882 (N.Y. App. Div. 2002). The respondent unsuccessfully challenged the finding of professional misconduct in several fora, including Federal district courts in New York and New Jersey, a bankruptcy court, the Appellate Division of the New York Supreme Court, and the United States Court of Appeals for the Third Circuit. On December 2, 2003, the New York Supreme Court, Appellate Division, First Judicial Department, suspended the respondent from the practice of law. *Matter of Truong*, 768 N.Y.S.2d 450 (N.Y. App. Div. 2003). Consequently, on February 9, 2004, the Office of General Counsel for the Executive Office for Immigration Review petitioned for the respondent's immediate suspension from practice before the Immigration Courts and the Board of Immigration Appeals. On February 11, 2004, the DHS asked that the respondent be similarly suspended from practice before that agency. On March 19, 2004, we suspended the respondent from practicing before the Immigration Courts, the Board, and the DHS pending final disposition of this proceeding. We declined to reconsider this order on April 27, 2004.

On August 11, 2005, the New York Supreme Court, Appellate Division, First Judicial Department, disbarred the respondent from the practice of law. *In Re Truong*, 800 N.Y.S.2d 12 (N.Y. App. Div. 2005). An attempted appeal of this order was dismissed as untimely on February 16, 2006. *In Re Truong*, 6 N.Y.3d 799 (N.Y. 2006).

On September 19, 2005, the Office of General Counsel filed a Notice of Intent to Discipline, seeking the respondent's suspension from practice before the Immigration Courts and the Board for 7 years. On September 21, 2005, the DHS requested that this same sanction be applied to bar the respondent's practice before that agency.

Because the respondent requested a hearing on the charges in the Notice of Intent to Discipline, the record was forwarded to the Office of the Chief Immigration Judge pursuant to 8 C.F.R. § 1003.106(a)(1)(i) (2005), which states that in attorney discipline cases, that office shall appoint an adjudicating official when an answer is filed. *See also Matter of Ramos*, 23 I&N

---

[2] The respondent also filed a "Notice of Cross-Motion To Reconsider, Renew And/Or Vacate Decision/Order" on September 26, 2006, following our initial order of August 16, 2006. We denied that motion in a decision dated September 26, 2006.

Dec. 843, 845 (BIA 2005); *Matter of Gadda*, 23 I&N Dec. 645, 646-47 (BIA 2003), *aff'd*, *Gadda v. Ashcroft*, 377 F.3d 934 (9th Cir. 2004).

On March 30, 2006, the Assistant Chief Immigration Judge suspended the respondent from practice before the Immigration Courts, the Board, and the DHS for a period of 7 years. The respondent filed a timely appeal on April 12, 2006. *See* 8 C.F.R. § 1003.106(c) (2006) (providing that the Board has jurisdiction to review the decision of the adjudicating official and conducts a de novo review of the record); *see also Matter of Ramos*, *supra*, at 845; *Matter of Gadda*, *supra*, at 647.

## II. ANALYSIS

As alleged by the Office of General Counsel, the respondent has been disbarred by the highest court of the State of New York. We therefore find that there are grounds for discipline. 8 C.F.R. §§ 1003.102(e)(1), 1292.3(b), (c)(1) (2006).

Where the Office of General Counsel brings proceedings based on a final order of disbarment, such an order creates a rebuttable presumption of professional misconduct from which disciplinary sanctions should follow. 8 C.F.R. § 1003.103(b)(2) (2006); *see also Matter of Ramos*, *supra*, at 845, 847-48; *Matter of Gadda*, *supra*, at 648. Such a presumption can only be rebutted by a showing that the underlying disciplinary proceeding resulted in a deprivation of due process, that there was an infirmity of proof establishing the misconduct, or that discipline would result in grave injustice. 8 C.F.R. §§ 1003.103(b)(2), 1292.3(c)(3)(ii); *see also Matter of Ramos*, *supra*, at 847-48.

We agree with the Assistant Chief Immigration Judge's findings that none of the above exceptions apply in this case and that disciplinary sanctions are appropriate because the presumption of professional misconduct has not been rebutted. First, the respondent did not establish that the "underlying disciplinary proceeding was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process." 8 C.F.R. § 1003.103(b)(2)(i). As discussed above and as found by the Assistant Chief Immigration Judge, the respondent has challenged the underlying ruling in *Broadwhite Assocs. v. Truong*, *supra*, as well as the resulting disciplinary action, before multiple State and Federal courts. Notice and opportunity to be heard are clearly not at issue.

Next, the respondent did not show that there was "such an infirmity of proof establishing the attorney's professional misconduct as to give rise to the clear conviction that the adjudicating official could not, consistent with his . . . duty, accept as final the conclusion on that subject." 8 C.F.R. § 1003.103(b)(2)(ii). The State court findings in *Broadwhite Assocs. v. Truong*, *supra*, are final, and numerous courts have declined to nullify the order in that case.

Finally, the respondent made no showing that the "imposition of discipline by the adjudicating official would result in grave injustice." 8 C.F.R. § 1003.103(b)(2)(iii). Given the respondent's extensive unsuccessful litigation of the initial misconduct findings and his disbarment, we cannot find that the imposition of comparable discipline in these proceedings would be unjust.

In sum, we agree that the respondent failed to show that any of the exceptions to discipline listed in 8 C.F.R. § 1003.103(b)(2) are applicable. Discipline was therefore properly ordered based on the final order of disbarment issued by the highest court of the State of New York on August 11, 2005. We further concur that suspension from practice for 7 years is an appropriate sanction.

**ORDER:** The appeal is dismissed.

**FURTHER ORDER:** The respondent is suspended from practice before the Immigration Courts, the Board of Immigration Appeals, and the Department of Homeland Security for a period of 7 years, effective August 11, 2005.