# In re Anil SHAH, Attorney

## File D2004-121

*Decided as amended September 13, 2007[1]*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) An attorney who knowingly makes a false statement of material fact or law or willfully misleads any person concerning a material and relevant matter relating to a case is subject to discipline.

(2) It is in the public interest to discipline an attorney who knowingly and willfully misled the United States Citizenship and Immigration Services by presenting an improperly obtained certified Labor Condition Application under his signature in support of a nonimmigrant worker petition.

FOR RESPONDENT: H. Ronald Klasko, Esquire, Philadelphia, Pennsylvania

FOR THE DEPARTMENT OF HOMELAND SECURITY: Rachel A. McCarthy, Bar Counsel

FOR EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, OFFICE OF GENERAL COUNSEL: Jennifer J. Barnes, Bar Counsel

BEFORE: Board Panel: HURWITZ, Acting Vice Chairman; HOLMES and HESS, Board Members.

HOLMES, Board Member:

On September 11, 2006, an Immigration Judge, acting as the adjudicating official in this case, terminated the proceedings brought against the respondent after finding that he was not subject to attorney discipline as charged by the Department of Homeland Security ("DHS"). The DHS has appealed from that decision. The appeal will be sustained, and the record will be remanded to the Immigration Judge for consideration of the appropriate discipline.

---

[1] On our own motion, we amend the April 26, 2007, order in this case. We note that the respondent's motion to reconsider that decision was denied on August 1, 2007. This amended order makes editorial changes consistent with our designation of the case as a precedent.

## I.  FACTUAL AND PROCEDURAL HISTORY

### A.  Disciplinary Proceedings

On November 24, 2004, the DHS initiated disciplinary proceedings against the respondent by filing a Notice of Intent To Discipline with the Board pursuant to 8 C.F.R. § 1292.3(e) (2004).[2]  The DHS alleged that the respondent had violated 8 C.F.R. § 1292.3(b), which provides for discipline on the grounds set forth in 8 C.F.R. § 1003.102(c) (2004).  According to 8 C.F.R. § 1003.102(c), a practitioner will be subject to disciplinary sanctions in the public interest if he

> [k]nowingly or with reckless disregard makes a false statement of material fact or law, or willfully misleads, misinforms, threatens, or deceives any person (including a party to a case or an officer or employee of the Department of Justice), concerning any material and relevant matter relating to a case.

The DHS sought the respondent's expulsion from practice before the United States Citizenship and Immigration Services ("USCIS") of the DHS. On December 2, 2004, the Office of General Counsel for the Executive Office for Immigration Review ("EOIR") asked that any discipline that restricted the authority of the respondent to practice before the DHS also apply to his authority to practice before the EOIR, including the Board of Immigration Appeals and the Immigration Courts.

As the respondent requested a hearing on the charges in the Notice of Intent To Discipline, the record was forwarded to the Office of the Chief Immigration Judge pursuant to 8 C.F.R. § 1003.106(a)(1)(i) (2005), which states that in attorney discipline cases, that office shall appoint an Immigration Judge as an adjudicating official when an answer is filed. *See also Matter of Truong*, 24 I&N Dec. 52, 53-54 (BIA 2006); *Matter of Ramos*, 23 I&N Dec. 843, 845 (BIA 2005); *Matter of Gadda*, 23 I&N Dec. 645, 646-47 (BIA 2003), *aff'd*, *Gadda v. Ashcroft*, 377 F.3d 934 (9th Cir. 2004); 8 C.F.R. § 1292.3(f).

After a hearing held on May 20, 2005, the Immigration Judge terminated proceedings against the respondent on September 11, 2006.  The DHS filed a timely appeal on October 5, 2006, and the parties thereafter filed briefs.  *See* 8 C.F.R. § 1003.106(c) (providing that the Board has jurisdiction to review the

---

[2] The DHS did not petition for the respondent's immediate suspension from practice pending final disposition of this proceeding under 8 C.F.R. § 1292.3(c).

decision of the adjudicating official and conducts a de novo review of the record); *see also Matter of Truong*, *supra*, at 54; *Matter of Ramos*, *supra*, at 845; *Matter of Gadda*, *supra*, at 647; 8 C.F.R. § 1292.3(f).

## B. Grounds for Discipline

An American employer may petition for an "H-1B" visa for an alien in a "specialty occupation" who has a promise of temporary employment for a paid position. Section 101(a)(15)(H)(i)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(15)(H)(i)(B) (2000); *see also United States v. Ramirez*, 420 F.3d 134, 137 (2d Cir. 2005); *Venkatraman v. REI Systems, Inc.*, 417 F.3d 418, 422 (4th Cir. 2005). In order to file the H-1B visa petition with the USCIS, the sponsoring employer must first file a Labor Condition Application ("LCA") with the United States Department of Labor, which contains certain information concerning wages to be paid and other matters. *See* section 212(n) of the Act, 8 U.S.C. § 1182(n) (2000 & Supp. IV 2004) (describing the LCA that is filed with the Department of Labor); *United States v. Ramirez*, *supra*; *Venkatraman v. REI Systems, Inc.*, *supra*; 8 C.F.R. § 214.2(h)(1)(ii)(B)(1) (2007); 20 C.F.R. § 655.700 (2007) (Department of Labor regulation describing provisions governing H-1B visas and requirements for obtaining a certified LCA). After the Department of Labor approves the LCA, the employer then files with the USCIS a Form I-129 (Petition for a Nonimmigrant Worker), along with the approved LCA form and other supporting documents. *See* section 214(c)(1) of the Act, 8 U.S.C. § 1184(c)(1) (2000 & Supp. IV 2004); *United States v. Ramirez*, *supra*; 8 C.F.R. § 214.2(h)(2)(i)(A) (2007).

On December 16, 1999, the respondent, as president of the Law Offices of Anil Shah, PLLC ("Shah Law Offices"), signed an LCA relating to an attorney who was from Bangladesh. The respondent signed his name underneath a "Declaration of Employer" that stated: "I declare under penalty of perjury that the information provided on this form is true and correct." The LCA was certified by the Department of Labor on January 6, 2000.

On January 11, 2000, the respondent, as president of the Shah Law Offices, submitted a Form I-129 to the former Immigration and Naturalization Service, which is now the USCIS. Included with the supporting documents was the certified LCA. The respondent submitted a Form G-28 (Notice of Entry of Appearance as Attorney or Representative) as the representative of the Shah Law Offices. In signing the Form I-129, the respondent certified "under penalty of perjury under the laws of the United States of America, that this petition, and the evidence submitted with it, is all true and correct. If filing this on behalf of an organization, I certify that I am empowered to do so by that organization."

On May 19, 2004, after notice and a hearing, an Associate Chief Administrative Law Judge ("ALJ") of the Department of Labor issued a decision concerning the Shah Law Offices, which was owned by the respondent. As part of his decision, the ALJ found that the Shah Law Offices had willfully misrepresented a material fact on an LCA relating to the attorney from Bangladesh, an H-1B nonimmigrant alien. That is, the Shah Law Offices represented on the LCA that the attorney would be working part time, when, in fact, he consistently worked full time. The ALJ found that this misrepresentation on the LCA was "knowing, willful, and designed solely for the purpose of fraudulently circumventing required wage requirements." He further stated that the respondent, "who owns and operates Respondent [Shah Law Offices], is an officer of the court. Thus his willful misrepresentation [on] his LCA in order to deprive the alien of promised and legally mandated wages is particularly grave." The ALJ ordered the Shah Law Offices to pay back wages and other penalties and disqualified it from filing any H-1B petitions for a period of 2 years.

The DHS subsequently alleged in the Notice of Intent To Discipline that the respondent violated 8 C.F.R. § 1292.3(b) on the grounds set forth in 8 C.F.R. § 1003.102(c), in that he made a false statement of fact or law, or wilfully misled, misinformed, or deceived the USCIS, concerning a material and relevant matter relating to the I-129 he filed as both president and representative of the Shah Law Offices.

### C. Hearing Before the Immigration Judge

The Immigration Judge held a hearing concerning the DHS' charges in New York on May 20, 2005. The DHS called as a witness the Director of the USCIS Business and Trade Services Branch. The witness said that he was responsible for regulation and policy oversight of employment-based immigration categories, including the H-1B visa category. He explained that with regard to the H-1B visa, an I-129 petition for an alien worker has to be filed with the USCIS after the certified LCA is obtained from the Department of Labor. The witness stated that USCIS adjudicators were trained to do a "facial review" of an LCA to ensure that it was complete and that the name was accurate. He further stated that the USCIS "cannot go behind the LCA and look into what went into the LCA," and that an approved LCA is deemed to be trustworthy. However, the witness testified that there is no USCIS policy that would permit approval of an I-129 petition that was based on an LCA containing a willful or material misrepresentation. Further, according to the witness, if the USCIS was aware when adjudicating an I-129 petition that an LCA contained willful and material misrepresentations, the I-129 would not be approved.

The respondent's witness, an immigration lawyer, testified concerning her knowledge of the H-1B visa program. She asserted that an adjudication of an I-129 petition by the USCIS is not affected by information in the LCA. Several other witnesses testified to the character of the respondent, saying that they knew him and believed him to be knowledgeable and honest. The respondent did not testify at the hearing.

## D.  Immigration Judge's Decision

In his decision, the Immigration Judge determined that the ALJ's findings were "*res judicata* regarding the respondent submitting a willful and knowing false statement to the DOL." The Immigration Judge therefore found that the respondent, in his status as president of the Shah Law Offices, knowingly filed a false LCA. According to the Immigration Judge, the Department of Labor hearing, at which the respondent was present, "resulted in a finding that the Law Office of [the respondent] made a deliberate misrepresentation and for the purpose of evading wage requirements." However, the Immigration Judge found that the misrepresentation made to the Department of Labor was not material to the USCIS adjudication of the I-129. The Immigration Judge therefore concluded that because the misrepresentation occurred before the Department of Labor, not the DHS, the respondent could not be sanctioned in these proceedings.

## II.  ANALYSIS

We agree with the DHS that the respondent is subject to attorney discipline under 8 C.F.R. § 1292.3(b) on the grounds set forth in 8 C.F.R. § 1003.102(c). As previously noted, that regulation allows for discipline against a practitioner who knowingly makes a false statement of material fact or law or willfully misleads any person concerning a material and relevant matter relating to a case.

In his decision, the ALJ concluded that the LCA, signed by the respondent as president of the Shah Law Offices, contained a deliberate misrepresentation designed to fraudulently circumvent wage requirements. The certified LCA was an integral and necessary component of the Shah Law Office's Form I-129 that was filed with the USCIS. *See* 8 C.F.R. § 103.2(b)(1) (2004) (providing that any evidence submitted with a petition is considered part of that petition). Yet the LCA was tainted by the deliberately fraudulent information provided by the Shah Law Offices, which was signed by the respondent. By presenting the improperly obtained certified LCA to the USCIS under his signature, the respondent knowingly and willfully misled the USCIS concerning a material and relevant matter relating to the approval of the nonimmigrant petition. *See*

8 C.F.R. § 1003.102(c). We therefore disagree with the respondent when he contends that he did not make a misrepresentation to the DHS.

The DHS correctly observes that the Immigration Judge "improperly limited the relevance of [the respondent's] misrepresentation to the first agency before which the misrepresentations were made." While the company, Shah Law Offices, faced sanctions before the Department of Labor because of its labor violations, it is appropriate for the respondent to face discipline for his actions as the attorney for, and president of, the company with regard to the fraud against the USCIS in the form of the Form I-129 supported by an LCA containing a willful misrepresentation. *See United States v. Ramirez, supra*, at 140-42 (stating that the filing of an LCA with the Department of Labor preceded, and was in preparation for, visa fraud against the DHS). The respondent's argument that the alleged misconduct occurred only before the Department of Labor is incorrect, where the respondent clearly committed misconduct by submitting the Form I-129, supported by the wrongfully obtained LCA, to the USCIS.

We also agree with the DHS that the regulation authorizing the respondent's discipline, 8 C.F.R. § 1003.102(c), which was formerly at 8 C.F.R. § 3.102(c) (2003), was promulgated by the Department of Justice to punish practitioners who present documents with false information. The Supplementary Information regarding the regulation stated the following:

> Immigration Judges across the country have indicated that the filing of false or fraudulent documents is a growing problem. This problem includes the submission of once valid documents that have been altered (*e.g.*, foreign birth certificates), falsely created documents (*e.g.*, visas or letters from religious or political groups), and valid documents that contain false information (*e.g.*, asylum applications). This provision as written is broad enough to deal with these types of fraud.

Professional Conduct for Practitioners–Rules and Procedures, 65 Fed. Reg. 39,513, 39,518 (June 27, 2000). Here, the respondent, as president and representative of the Shah Law Offices, which, according to his letter in support of the H-1B petition, "provides general legal services with a heavy emphasis on immigration matters," presented a Form I-129 that incorporated false information. The regulation was designed to sanction such actions.

The respondent argues that the Government did not produce evidence that he personally engaged in wrongdoing, as opposed to the Shah Law Offices, which was the entity sanctioned by the Labor Department. We disagree. As the DHS argues, the respondent's client, the Shah Law Offices, and the respondent are "literally of one mind." The respondent was the president and representative of the Shah Law offices, as well as its attorney. He is the individual who signed the LCA under penalty of perjury and who made a willful misrepresentation on that form, as found by the ALJ. The respondent

is also the individual who submitted the Form I-129 to the USCIS and signed under penalty of perjury that the evidence supporting the application was true and correct. The ALJ noted that the respondent was the individual who "owns and operates [the Shah Law Offices]" and that his willful misrepresentation, as an attorney, was "particularly grave."

Moreover, the respondent fails to show why the evidence and findings from the Labor Department proceedings should not be considered by the Immigration Judge in these attorney discipline proceedings. As attorney and representative of the Shah Law Offices, the respondent had notice of the Labor Department proceedings and had the opportunity to appear and defend against the charges. *See United States v. Utah Constr. & Mining Co.*, 384 U.S. 394, 422 (1966) ("When an administrative agency is acting in a judicial capacity and resolved disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply *res judicata* to enforce repose."); *Chauffeur's Training School, Inc. v. Spellings*, 478 F.3d 117 (2d Cir. 2007).

## III. CONCLUSION

In sum, we agree with the DHS that it is in the public interest to discipline the respondent, because by presenting the improperly obtained certified LCA to the USCIS under his signature, he knowingly and willfully misled the USCIS concerning a material and relevant matter relating to the approval of the nonimmigrant petition. 8 C.F.R. § 1003.102(c). Accordingly, the DHS's appeal will be sustained. The record will be remanded to the Immigration Judge for consideration of the appropriate sanction.[3]

**ORDER:** The appeal of the DHS is sustained, and the decision of the Immigration Judge is vacated.

**FURTHER ORDER:** The respondent is subject to discipline under 8 C.F.R. § 1292.3(b) on the grounds set forth in 8 C.F.R. § 1003.102(c).

**FURTHER ORDER:** The record is remanded to the Immigration Judge for consideration of the appropriate discipline against the respondent.

---

[3] The respondent argues that he is a member in good standing of the State Bar of New York and is viewed favorably by clients. Such information may be presented to the Immigration Judge for possible consideration as to the appropriate penalty.