[845 NYS2d 225]

In the Matter of ALVIN E. LEONARD (Admitted as ALVIN EUGENE LEONARD), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 23, 2007

## APPEARANCES OF COUNSEL

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*James T. Shed* of counsel), for petitioner.

*Joseph Fleming* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Alvin Eugene Leonard was admitted to the practice of law in the State of New York by the Second Judicial Department on June 28, 1978. At all times relevant to this proceeding, he maintained an office for the practice of law within the First Judicial Department.

Respondent has submitted an affidavit of resignation from the bar, sworn to July 31, 2007. The Departmental Disciplinary Committee now moves for us to accept respondent's resignation from the practice of law, to strike his name from the roll of attorneys, pursuant to 22 NYCRR 603.11, and to direct him to make restitution to the Estate of Gertrude Ray in the sum of $470,000.

Upon review, we are satisfied that respondent's affidavit of resignation sworn to July 31, 2007, conforms to the requirements set forth in 22 NYCRR 603.11, in that respondent states that his resignation is submitted freely, voluntarily, and without coercion or duress, and that he is fully aware of the implications of submitting his resignation, including that, pursuant to 22 NYCRR 603.14 (a) (2), an attorney whose name has been stricken from the roll of attorneys may not petition for reinstatement until expiration of seven years from the effective date of disbarment or removal.

Respondent, who is represented by counsel, further acknowledges that he is aware that the Committee is investigating allegations that he converted some $470,000 in funds from the Estate of Gertrude Ray while representing the coexecutors. Although the coexecutors were the only parties permitted to write checks on the estate account, respondent admits that he misappropriated and wilfully misapplied $470,000 from the Estate of Gertrude Ray by drafting and negotiating 17 checks from that account, all payable to his order, without the consent or knowledge of the coexecutors. Respondent states further that he cannot successfully defend himself on the merits against any charges predicated upon allegations of conversion and his admissions. The Committee points out that respondent's admitted conduct, if charged and proven, would constitute intentional conversion of client funds warranting his disbarment (*see Matter of Bernstein*, 41 AD3d 49 [2007]).

Respondent also avers that he is familiar with the provisions of Judiciary Law § 90 (6-a), which authorizes this Court to or-

der an attorney, in a case of wilful misappropriation or misapplication of client funds, to make restitution to clients or to reimburse the Lawyers' Fund for Client Protection. Specifically, respondent consents to an order herein requiring him to make restitution to the Estate of Gertrude Ray in the amount of $470,000, and permitting entry of a judgment thereon. He further consents to an order requiring him to reimburse the Fund for any awards which may in the future be made to the Estate of Gertrude Ray in connection with his wilful misappropriation of estate funds (*see Matter of Vasquez*, 39 AD3d 159 [2007]; *Matter of Tannenbaum*, 17 AD3d 44 [2005]).

Accordingly, the Committee's motion should be granted, respondent's resignation accepted, his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective July 31, 2007, and respondent directed, pursuant to Judiciary Law § 90 (6-a), to make restitution to the Estate of Gertrude Ray in the amount of $470,000, and to the Lawyers' Fund for Client Protection for any future awards that may be made by the Fund as a result of his misconduct.

TOM, J.P., SAXE, FRIEDMAN, GONZALEZ and McGUIRE, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to July 31, 2007. Respondent directed to make monetary restitution, as indicated.