# In re Boris A. KRIVONOS, Attorney

## File D2001-130

*Decided as amended September 26, 2007*[1]

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

A motion for reinstatement to practice filed by an attorney who was expelled from practice before the Board of Immigration Appeals, the Immigration Courts, and the Department of Homeland Security as a result of his conviction for immigration-related fraud, but who was reinstated to practice law in New York, was denied because he failed to show that he possessed the moral and professional qualifications to be reinstated to practice and that his reinstatement would not be detrimental to the administration of justice.

FOR RESPONDENT: Pro se

FOR EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, OFFICE OF GENERAL COUNSEL: Jennifer J. Barnes, Bar Counsel

FOR THE DEPARTMENT OF HOMELAND SECURITY: Eileen M. Connolly, Appellate Counsel

BEFORE: Board Panel: HURWITZ, Acting Vice Chairman; HOLMES and GRANT, Board Members.

HURWITZ, Acting Vice Chairman:

The respondent, who has been expelled from practice before the Board of Immigration Appeals, the Immigration Courts, and the Department of Homeland Security ("DHS"), has sought reinstatement to practice. The motion is opposed by the Office of the General Counsel for the Executive Office for Immigration Review, which initiated these proceedings, as well as by the DHS. The motion will be denied.

On September 20, 2002, the respondent pled guilty in the United States District Court, Eastern District of New York, to one count of conspiracy to defraud the United States in violation of 18 U.S.C. § 371, in connection with his handling of one or more diversity immigrant visa matters. The crime is a

---

[1] On our own motion, we amend the December 5, 2006, order in this case. The amended order makes editorial changes consistent with our disposition of the case as a precedent.

felony and therefore is a "serious crime" within the meaning of 8 C.F.R. § 1003.102(h) (2006). On January 30, 2003, we issued a final order expelling the respondent from practice. We noted that the respondent could seek reinstatement under the appropriate circumstances.

The respondent moves that we reinstate him to practice before the Board, the Immigration Courts, and the DHS. *See* 8 C.F.R. § 1003.107 (2006). As the Office of the General Counsel argues, the regulation requires that in order to be reinstated after expulsion, a party must wait 1 year to file the motion and must show that he meets the definition of an attorney or representative, as set forth at 8 C.F.R. §§ 1001.1(f) and (j) (2006). The Office of the General Counsel and the DHS agree that the respondent meets the regulatory definition of an attorney, in that he has been reinstated to practice law in the State of New York and before the United States District Court for the Southern District of New York. However, as the Office of the General Counsel states, in order to be reinstated, a party also "shall have the burden of demonstrating by clear, unequivocal, and convincing evidence that he . . . possesses the moral and professional qualifications required to appear before the Board and the Immigration Courts or the [DHS] . . . and that his . . . reinstatement will not be detrimental to the administration of justice." 8 C.F.R. § 1003.107(b)(1). We agree with the Office of the General Counsel that "immigration-related fraud strikes at the heart of the country's immigration laws and undermines the integrity of the entire system," and that despite the respondent's remorse, given the serious nature of his crime, he should not be reinstated at this time. The respondent's motion will therefore be denied.

**ORDER:** The motion for reinstatement is denied.