# In re Carlo JEAN-JOSEPH, Attorney

File D2007-086

*Decided as amended September 26, 2007*[1]

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

Where an attorney who was suspended from practice before the Board of Immigration Appeals, the Immigration Courts, and the Department of Homeland Security pending the final disposition of his attorney discipline proceeding sought reinstatement because he had been reinstated to the Florida Bar, but he had practiced before the Miami Immigration Court while under the Board's immediate suspension order, his motion was denied, and he was instead suspended for 120 days, twice the recommended discipline in the Notice of Intent To Discipline.

FOR RESPONDENT:  Pro se

FOR EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, OFFICE OF GENERAL COUNSEL:  Jennifer J. Barnes, Bar Counsel

FOR THE DEPARTMENT OF HOMELAND SECURITY: Eileen M. Connolly, Appellate Counsel

BEFORE:  Board Panel:  HURWITZ, Acting Vice Chairman; HOLMES and HESS, Board Members.

HOLMES, Board Member:

The respondent, who has been suspended from practice before the Board of Immigration Appeals, the Immigration Courts, and the Department of Homeland Security ("DHS") pursuant to 8 C.F.R. § 1003.103(a) (2007) pending final disposition of this proceeding, has sought reinstatement to practice.  The motion is opposed by the Office of the General Counsel for the Executive Office for Immigration Review, which initiated these proceedings. The motion will be denied, and the respondent will be suspended for 120 days.

---

[1] On our own motion, we amend the August 2, 2007, order in this case.  The amended order makes editorial changes consistent with our designation of the case as a precedent.

On February 15, 2007, the respondent was suspended from the practice of law by the Supreme Court of Florida for 60 days. Consequently, on April 6, 2007, the Office of the General Counsel petitioned for the respondent's immediate suspension from practice before the Board and the Immigration Courts. On April 12, 2007, the DHS asked that the respondent be similarly suspended from practice before that agency. Therefore, on April 27, 2007, we suspended the respondent from practicing before the Board, the Immigration Courts, and the DHS pending the final disposition of this proceeding.

The respondent moves that we reinstate him to practice before the Board, the Immigration Courts, and the DHS. *See* 8 C.F.R. § 1003.107 (2007). He presents evidence that he was automatically reinstated to the Florida Bar on May 18, 2007.

The Office of the General Counsel opposes the reinstatement motion and contends that the respondent appeared as counsel in at least five separate proceedings before the Miami Immigration Court while he was suspended from practice before the Immigration Courts. The Office of the General Counsel argues that the reinstatement motion should be denied and that, instead, the respondent should be suspended for 120 days, twice the recommended discipline in the Notice of Intent To Discipline. The respondent does not contest the allegations in the Notice of Intent To Discipline.

Since the recommended discipline is appropriate in light of the respondent's suspension from the practice of law in Florida and his practice before the Miami Immigration Court while under the Board's suspension order, we will deny the reinstatement motion and honor the Government's recommendation. Accordingly, the respondent will be suspended from practice before the Board, the Immigration Courts, and the DHS for a period of 120 days. As the respondent is currently under our April 27, 2007, order of suspension, we will deem the respondent's suspension to have commenced on that date. The respondent is instructed to maintain compliance with the directives set forth in our prior order. The respondent is also instructed to notify the Board of any further disciplinary action against him. We direct that the contents of this notice be made available to the public, including at the Immigration Courts and appropriate offices of the DHS.

After the suspension period expires, the respondent may again file a petition for reinstatement to practice before the Board, the Immigration Courts, and the DHS.

**ORDER:** The motion for reinstatement is denied.

**FURTHER ORDER:** The respondent is suspended from practice before the Board of Immigration Appeals, the Immigration Courts, and the DHS for a period of 120 days.