# Matter of Ronald S. SALOMON, Respondent

*Decided as amended July 12, 2011*[1]

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

Nonidentical reciprocal discipline of an attorney does not amount to a "grave injustice" under 8 C.F.R. § 1003.103(b)(2)(iii) (2011) where the attorney has engaged in wide-ranging misconduct and was disciplined in multiple jurisdictions.

FOR RESPONDENT: Chris M. McDonough, Esquire, Westbury, New York

FOR EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, OFFICE OF GENERAL COUNSEL: Scott Anderson, Deputy Disciplinary Counsel

FOR THE DEPARTMENT OF HOMELAND SECURITY: Eileen M. Connolly, Chief, Immigration Court Practice Section - East

BEFORE: Board Panel: HOLMES and GUENDELSBERGER, Board Members; KENDALL CLARK, Temporary Board Member.

HOLMES, Board Member:

The respondent will be suspended from practice before the Board of Immigration Appeals, the Immigration Courts, and the Department of Homeland Security ("DHS") for a period of 6 months.[2] On October 14, 2010, the United States Court of Appeals for the Second Circuit issued an order suspending the respondent from the practice of law for 3 months, effective 28 days from the date of that order. Consequently, on November 1, 2010, the Disciplinary Counsel for the Executive Office for Immigration Review ("EOIR") petitioned for the respondent's immediate suspension from practice before the Board and the Immigration Courts. The DHS then asked that the respondent be similarly suspended from practice

---

[1] The Office of General Counsel for the Executive Office for Immigration Review submitted a request that we designate our February 3, 2011, order in this case as a precedent. The request is granted. This amended order makes editorial changes consistent with our designation of the case as a precedent.

[2] On June 28, 2011, we issued an order reinstating the respondent to practice before the Board, the Immigration Courts, and the DHS based on the provisions of 8 C.F.R. § 1003.107(a) (2011).

before that agency. Therefore, on November 23, 2010, we suspended the respondent from practicing before the Board, the Immigration Courts, and the DHS pending the final disposition of this proceeding.

The respondent has filed a timely answer to the allegations contained in the November 1, 2010, Notice of Intent to Discipline, which proposed a nonidentical reciprocal discipline of 6 months' suspension. *See* 8 C.F.R. § 1003.105(c)(1) (2011). The respondent does not dispute the allegations in the Notice of Intent to Discipline, and he does not seek a hearing. The respondent objects only to the imposition of a 6-month suspension, rather than a 3-month suspension. We therefore find it appropriate to issue a final order on the Government's charges. 8 C.F.R. § 1003.106(a)(1) (2010); *see also* 73 Fed. Reg. 76,914, 76,925 (Dec. 18, 2008) (providing that in summary disciplinary proceedings, the Board may issue a final order when the respondent's answer does not make a prima facie showing that there are any material issues of fact in dispute).

We agree that the EOIR Disciplinary Counsel's proposed nonidentical reciprocal discipline of 6 months' suspension is justified under the totality of the circumstances. In that regard, we consider the fact that the respondent has been subject to disciplinary proceedings for wide-ranging misconduct in three different jurisdictions.

On March 7, 2007, the respondent was admonished by the New York Supreme Court, Appellate Division, First Judicial Department, Departmental Disciplinary Committee. The committee determined that the respondent had neglected the legal matters of three immigration clients.

On October 28, 2010, the respondent was censured by the New York Supreme Court, Appellate Division, First Judicial Department for neglecting immigration matters and engaging in conduct adversely reflecting on his fitness to practice law. The Hearing Panel had recommended a 3-month suspension.

On January 28, 2009, an informal admonition was sent to the respondent by the EOIR Disciplinary Counsel. With regard to six immigration cases, the respondent was found to have engaged in frivolous behavior in violation of 8 C.F.R. § 1003.102(j) (2011) and to have recklessly made false statements in violation of 8 C.F.R. § 1003.102(c).

Another informal admonition relating to four additional immigration clients was sent to the respondent by the EOIR Disciplinary Counsel on May 10, 2010. The respondent was found to have engaged in frivolous behavior in violation of 8 C.F.R. § 1003.102(j), to have repeatedly failed to appear at scheduled hearings without good cause in violation of 8 C.F.R. § 1003.102(l), and to have violated 8 C.F.R. § 1003.102(c) by acting with reckless disregard in making false assertions.

As previously noted, the Second Circuit suspended the respondent from practice for 3 months on October 14, 2010. The court adopted the August 5, 2009, Report and Recommendation of the United States Court of Appeals for the Second Circuit Committee on Admissions and Grievances. This report found that the respondent displayed "a pattern of neglect of client matters, primarily through persistent disregard of briefing schedules."

In its order, the Second Circuit stated that it found "the persistence of Salomon's misconduct throughout the pendency of this disciplinary proceeding to be disturbing" and that suspension was "warranted by the magnitude of Salomon's misconduct, the likelihood that a number of his clients were prejudiced, and his continued failure to abide by this Court's scheduling orders." The court accepted the Committee's finding that the respondent had defaulted in approximately 125 cases out of 190 cases between 2005 and 2008.

On November 22, 2010, we reopened proceedings in a case involving one of the respondent's clients. We found that the immigration client had "properly asserted her claim of ineffective assistance of counsel" and had presented "a substantial amount of evidence that [the respondent] failed to adduce relevant to the [client's] claim."

The EOIR Disciplinary Counsel has presented evidence that the respondent also violated our November 23, 2010, immediate suspension order in this case. Specifically, the respondent signed a motion for a continuance before the Boston Immigration Court that contained a certificate of service dated December 13, 2010. The filing was rejected because the respondent had been suspended from practice. Although the respondent claims that he made a "ministerial error in referencing himself as counsel of record," the evidence presented by the EOIR Disciplinary Counsel shows that the respondent did, indeed, violate the immediate suspension order.

We are not persuaded by the respondent's argument that applying the proposed 6 months' suspension would constitute a "grave injustice." 8 C.F.R. § 1003.103(b)(2)(iii) (2011); *see also* 8 C.F.R. § 1003.106(a). In support of his claim that the reciprocal discipline of 3 month's suspension imposed by the Second Circuit should not be increased, the respondent suggests that we should be instructed by the fact that the New York Supreme Court, Appellate Division, First Judicial Department censured him, rather than imposing greater discipline. In this regard, the respondent notes that he was represented and called witnesses before the First Judicial Department, while he appeared pro se before the Second Circuit. The respondent also points to the fact that the New York First Judicial Department recognized changes he had made to his practice.

In claiming grave injustice, the respondent argues that the cases the Government cited as presenting aggravating factors occurred in the past and were previously considered by either the New York First Judicial Department

or the Second Circuit in imposing his punishment.  He claims that these were isolated incidents and that he has not repeated the same misconduct since the disciplinary actions against him were filed.

As mitigating factors, the respondent points to surgical procedures that he had undergone, which he claims affected his practice.  However, the August 5, 2009, Report and Recommendation of the United States Court of Appeals for the Second Circuit Committee on Admissions and Grievances found that the respondent's medical problems were "at most a minor contributing factor to Salomon's defaults."  The respondent also contends that his suspension will harm his law practice, and he claims that he has a family to support.  However, as the EOIR Disciplinary Counsel argues, such hardships are not grounds for reducing a suspension. *See Matter of Kronegold*, 25 I&N Dec. 157, 162 (BIA 2010).

We agree with the EOIR Disciplinary Counsel's assertion that the Board is in a unique position to review the respondent's misconduct, which occurred in three jurisdictions.  In making our determination, we have considered the respondent's contention that he is a zealous advocate and performs a "great service" for his clients, many of whom are West African immigrants claiming persecution.  We have also taken into account his statement that he "does not deny his misconduct as alleged."

Despite the respondent's contentions, we find that the proposed nonidentical reciprocal discipline would not amount to a "grave injustice," given his wide-ranging misconduct and the fact that he was disciplined in multiple jurisdictions.  We have previously imposed such nonidentical reciprocal discipline in appropriate circumstances. *Matter of Krivonos*, 24 I&N Dec. 292, 293 (BIA 2007) (denying the reinstatement of a practitioner who had been reinstated to practice law by the courts but had engaged in fraud concerning immigration matters, because of the "serious nature of his crime"); *Matter of Jean-Joseph*, 24 I&N Dec. 294 (BIA 2007) (increasing reciprocal discipline based on the practitioner's misconduct before the EOIR).  We also find that nonidentical reciprocal discipline is warranted in this case.

**ORDER:**  The EOIR Disciplinary Counsel's motion for summary adjudication is granted.

**FURTHER ORDER:** The  respondent is suspended from practice before the Board, the Immigration Courts, and the DHS for a period of 6 months.

**FURTHER ORDER:**  Since the respondent is currently under our November 23, 2010, order of suspension, his suspension will be deemed to have commenced on that date.

**FURTHER ORDER:**  The respondent is instructed to maintain compliance with the directives set forth in our prior order and to notify the Board of any further disciplinary action against him.

**FURTHER ORDER:** The respondent may petition this Board for reinstatement to practice before the Board, the Immigration Courts, and the DHS pursuant to 8 C.F.R.§ 1003.107(a) (2011).

**FURTHER ORDER:** Because an immediate suspension order was previously imposed in this case, this order becomes effective immediately. *See* 8 C.F.R. § 1003.105(d)(2); *Matter of Kronegold*, 25 I&N Dec. at 163.