10-1034-ag (L)
Diarra v. Holder

BIA
DeFonzo, IJ
A098 158 586

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of February, two thousand twelve.

PRESENT:
      ROBERT A. KATZMANN,
      BARRINGTON D. PARKER,
      REENA RAGGI,
         *Circuit Judges.*

_____

MADOU DIARRA,
      *Petitioner,*

      v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
      *Respondent.*

10-1034-ag (L)
10-4127-ag (Con)
NAC

_____

FOR PETITIONER:      Jay Ho Lee, Jay Ho Lee Law Offices LLC, New York, N.Y.

FOR RESPONDENT:      Tony West, Assistant Attorney General; Douglas E. Ginsburg, Assistant Director; Franklin M. Johnson, Jr., Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of these petitions for review of two Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review in docket number 10-1034-ag (L) is DENIED and the petition for review in 10-4127-ag (Con) is GRANTED.

Petitioner Madou Diarra, a native and citizen of Mauritania, seeks review of: (1) the February 24, 2010 decision of the BIA affirming the August 4, 2008 decision of Immigration Judge ("IJ") Paul A. DeFonzo denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), *In re Madou Diarra*, No. A098 158 586 (B.I.A. Feb. 24, 2010), *aff'g* No. A098 158 586 (Immig. Ct. N.Y. City Aug. 4, 2008); and (2) the September 27, 2010, decision of the BIA denying his motion to reopen, *In re Madou Diarra*, No. 098 158 586 (B.I.A. Sept. 27, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

The only issue before us is Diarra's challenge to the BIA's denial of his motion to reopen because, although he petitioned for review of the agency's denial of his asylum application, he raises no challenges to that decision in his brief. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1 (2d Cir. 2005) ("[Petitioner] has abandoned any challenge to

2

the IJ's denial of his claim . . . by failing to discuss this claim anywhere in his brief."). We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). Here, the BIA abused its discretion in finding that Diarra failed to demonstrate that his former counsel, Ronald S. Salomon, provided him with ineffective assistance causing him prejudice.

In order to prevail on a claim of ineffective assistance of counsel, a movant must show that competent counsel would have acted otherwise, and that he was prejudiced by his counsel's performance. *See Rabiu v. INS*, 41 F.3d 879, 882-83 (2d Cir. 1994); *Esposito v. INS*, 987 F.2d 108, 111 (2d Cir. 1993). In this case, Salomon's office prepared and submitted to the IJ an affidavit written in English, signed by Diarra, stating that the May 20, 1990, date of departure from Mauritania provided in Diarra's asylum application should be corrected to April 20, 1989. Instead of correcting an existing inconsistency between the May 20, 1990 date on the asylum application and the May 20, 1989 date provided in Diarra's supporting statement, however, the affidavit created a new inconsistency in the record. In determining that Diarra failed to demonstrate

3

that Salomon was ineffective for preparing and submitting that affidavit, the BIA rejected Diarra's "convenient explanation" that he was asked by Salomon's office to sign a blank piece of paper later used for the affidavit, concluding without explanation that the affidavit did "not lend itself to pre-signing."  It is unclear from the record how the BIA reached this conclusion because there is nothing on the face of the affidavit that would indicate that it was signed only after preparation, as the signature line is separate from all other text on the page.  Moreover, the BIA did not acknowledge that Diarra does not read English, and would have relied on the preparer to provide the correct month of May in the affidavit, or his attorney to discover that the month of April was written in error.  Because competent counsel would not have prepared an affidavit attempting to resolve an inconsistency in the record that instead created a new inconsistency, and because the BIA failed to provide a rational explanation for discrediting Diarra's assertions, it abused its discretion in concluding that Diarra failed to demonstrate that Salomon was ineffective.*  *See Ke Zhen Zhao v. U.S. Dep't of Justice*,

---

* We note that subsequent to the BIA's decision, Salomon was suspended from practice before this Court for

4

265 F.3d 83, 93 (2d Cir. 2001); *see also Rabiu*, 41 F.3d at 882-83.

Additionally, the BIA abused its discretion in concluding that Diarra failed to establish that he was prejudiced by Salomon's ineffective assistance. In finding Diarra not credible, the IJ relied heavily on the inconsistency created by the affidavit Salomon submitted. Moreover, the BIA abused its discretion in concluding that Diarra was not prejudiced because his claim of ineffective assistance "d[id] not, independently, remedy the lack of corroborative evidence in his initial asylum application," as a lack of corroborating evidence alone would not have been sufficient to support the IJ's adverse credibility

---

a period of three months beginning November 11, 2010, *see In re Salomon*, 402 F. App'x 546, 549-50 (2d Cir. 2010) (unpublished), and was suspended from practice before the immigration courts, the BIA, and the Department of Homeland Security for a period of six months beginning November 23, 2010, *see Matter of Ronald S. Salomon*, 25 I. & N. Dec. 559, 562 (BIA 2011). These suspensions are relevant to Diarra's claim of ineffective assistance of counsel as they resulted from Salomon's failure to diligently prosecute cases of aliens from West Africa between 2005 and 2008 because he had become "overwhelmed" by his case load. *In re Salomon*, 402 F. App'x at 547, 553, 555; *see also* 25 I. & N. Dec. at 561-62. Moreover, based on his suspensions for misconduct in similar cases, we find questionable the BIA's presumption that a document prepared by Salomon accurately reflected the facts as provided by Diarra. *See Yi Long Yang v. Gonzales*, 478 F.3d 133, 143-44 (2d Cir. 2007).

determination.  *See Moussa Diallo v. INS*, 232 F.3d 279, 287 (2d Cir. 2000) ("[C]orroboration cannot be the only factor taken into account because this would effectively require corroboration in all cases, contrary to explicit provisions in the law that applicants may be able to rely exclusively on their testimony.").  Although two other inconsistencies formed the basis for the IJ's adverse credibility determination, we cannot confidently predict that those additional findings were sufficient to call into question Diarra's credibility.  *See Shunfu Li v. Mukasey*, 529 F.3d 141, 150 (2d Cir. 2008) ("[O]ur decision to uphold the agency decision or to remand for further proceedings depends on how confidently we can predict that the agency would reach the same decision absent the errors that were made.") (internal quotation marks omitted).

For the foregoing reasons, the petition for review in docket number 10-1034-ag (L) is DENIED and the petition for review in docket number 10-4127-ag (Con) is GRANTED.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6