# Matter of P. SINGH, Attorney

*Decided as amended June 25, 2015*[1]

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

An attorney who admitted to engaging in conduct prejudicial to the administration of justice by enlisting his legal assistant to impersonate him during multiple telephonic appearances before Immigration Judges was appropriately suspended from practice before the Immigration Courts, the Board of Immigration Appeals, and the Department of Homeland Security for a period of 16 months and prohibited from appearing telephonically in the Immigration Courts for 7 years.

FOR RESPONDENT: David J. Chapman, Esquire, Fargo, North Dakota

FOR EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, OFFICE OF GENERAL COUNSEL: Jennifer J. Barnes, Disciplinary Counsel; Christina Baptista, Associate General Counsel

FOR THE DEPARTMENT OF HOMELAND SECURITY: Diane H. Kier, Associate Legal Counsel

BEFORE: Board Panel: HOLMES, MILLER, and GUENDELSBERGER, Board Members.

HOLMES, Board Member:

In an August 13, 2014, decision, an Immigration Judge, acting as the Adjudicating Official in this case, issued a decision and order in which he suspended the respondent from practice before the Immigration Courts, the Board of Immigration Appeals, and the Department of Homeland Security ("DHS") for 16 months. The respondent was also prohibited from appearing telephonically in the Immigration Courts for 7 years. The respondent filed an appeal with the Board.[2] Both he and the Executive Office for Immigration Review ("EOIR") Disciplinary Counsel have filed

---

[1] The Office of General Counsel for the Executive Office for Immigration Review submitted a request that we designate our December 29, 2014, order in this case as a precedent. While the respondent's counsel has opposed this request, the request is granted. This amended order makes editorial changes consistent with our designation of the case as a precedent.

[2] The respondent's request to present oral argument before the Board is denied.

briefs, which we have considered in reaching this decision. The respondent's appeal will be dismissed.

The respondent is a licensed attorney in California. The EOIR Disciplinary Counsel initiated these disciplinary proceedings by filing a Notice of Intent To Discipline on January 9, 2014, and sought to have the respondent suspended from practice for 2 years. The DHS then asked that the respondent be similarly suspended from practice before that agency.

The EOIR Disciplinary Counsel specifically alleged that, on at least eight occasions, the respondent enlisted his legal assistant to appear in his place and impersonate him during telephonic appearances before Immigration Judges. The EOIR Disciplinary Counsel alleged that the respondent assisted and facilitated the unlawful practice of law in at least eight cases in violation of 8 C.F.R. § 1003.102(m) (2014); knowingly made false statements of material fact to an officer of the Department of Justice in violation of 8 C.F.R. § 1003.102(c); engaged in conduct prejudicial to the administration of justice in violation of 8 C.F.R. § 1003.102(n); and failed to provide competent representation to a client in violation of 8 C.F.R. § 1003.102(o).

The respondent conceded that he had violated 8 C.F.R. § 1003.102(n). He admitted that improper telephone appearances took place as early as 2011 and happened in eight more cases not mentioned in the Notice of Intent To Discipline. The Adjudicating Official sustained all charges except the charge brought under 8 C.F.R. § 1003.102(c).

We review findings of fact to determine whether they are "clearly erroneous." 8 C.F.R. §§ 1003.1(d)(3)(i); 1003.106(c) (2015). We review questions of law, discretion, and judgment and all other issues in appeals de novo. *Matter of Kronegold*, 25 I&N Dec. 157, 159−60 (BIA 2010); 8 C.F.R. §§ 1003.1(d)(3)(ii); 1003.106(c).

We have considered the arguments raised on appeal by the respondent and find no reason to disturb the factual findings or any other conclusion or ruling reached by the Adjudicating Official. We will therefore adopt and affirm the Adjudicating Official's order with the following comments. *See, e.g.*, *Matter of Burbano*, 20 I&N Dec. 872, 874 (BIA 1994) (noting that adoption or affirmance of a decision of an Immigration Judge, in whole or in part, is "simply a statement that the Board's conclusions upon review of the record coincide with those which the Immigration Judge articulated in his or her decision").

As stated, we concur with the Adjudicating Official's findings and analysis and his determination that the respondent violated 8 C.F.R. §§ 1003.102(m), (n), and (o). Specifically, we agree with his determination that the fact that the respondent "either instructed or knowingly permitted [the legal assistant] to impersonate him on even one occasion qualifies as

assistance in the unauthorized practice of law." In any event, as the Adjudicating Official found, the respondent admitted that he had engaged in conduct prejudicial to the administration of justice in violation of 8 C.F.R. § 1003.102(n). This conduct, which dated back to 2011, involved 16 immigration cases and various Immigration Courts.

In light of these findings, we agree that it was in the public interest to sanction the respondent. *See* 8 C.F.R. 1003.102 (stating that where a practitioner violates one or more of the regulatory grounds for sanctions, "[i]t is deemed to be in the public interest for an adjudicating official or the Board to impose disciplinary sanctions"). Further, we agree that the discipline imposed is reasonable and fair. The respondent's act of enlisting his legal assistant to impersonate him is a serious offense that warrants the sanctions the Adjudicating Official imposed after carefully weighing the aggravating and mitigating factors presented. Regardless of whether the respondent violated the other regulatory provisions, the disciplinary sanctions imposed in this case are appropriate. *See* 8 C.F.R. §§ 1003.101(a)(1)−(4) (2015).

The respondent argues that the Adjudicating Official erred by excluding the testimony of Ellen A. Pansky. According to Ms. Pansky's resume, she is a "California Bar Certified Specialist in the area of legal malpractice law." The respondent claims that Ms. Pansky would have testified concerning the reciprocal discipline that the California Bar was likely to impose against him. The Adjudicating Official found that the evidence would have been "insufficiently probative" given that Ms. Pansky is not an expert concerning immigration disciplinary proceedings. We agree. As argued by the EOIR Disciplinary Counsel, Ms. Pansky's testimony regarding the nature of possible sanctions by the California Bar would be speculative and, in any event, not relevant to these proceedings.

We are also unpersuaded by the respondent's claim that he was barred by client confidentiality concerns from fully defending himself against the allegations of the EOIR Disciplinary Counsel. The respondent has not established that such a duty precluded him from presenting a fair defense against the charges.

Pursuant to 8 C.F.R. § 1003.107(b) (2015), the respondent may petition for reinstatement to practice before the Board, the Immigration Courts, and the DHS after 1 year has elapsed. To be reinstated, the respondent must show that he meets the regulatory definition of an "attorney" in 8 C.F.R. § 1001.1(f) (2015). He will also have the burden to demonstrate "by clear and convincing evidence that he . . . possess[es] the moral and professional qualifications required to appear before the Board and the Immigration Courts or DHS, or before all three authorities, and that his . . . reinstatement

will not be detrimental to the administration of justice." 8 C.F.R. § 1003.107(b)(1); *see also Matter of Krivonos*, 24 I&N Dec. 292 (BIA 2007).

Accordingly, the respondent's appeal will be dismissed.

**ORDER:** The respondent's appeal is dismissed, and the Adjudicating Official's decision is affirmed.

**FURTHER ORDER:** The respondent is suspended from practice before the Immigration Courts, the Board of Immigration Appeals, and the DHS for a period of 16 months, effective 15 days from December 29, 2014, pursuant to 8 C.F.R. § 1003.106(c).

**FURTHER ORDER:** The respondent is prohibited from appearing telephonically in the Immigration Courts for 7 years, effective 15 days from December 29, 2014, pursuant to 8 C.F.R. § 1003.106(c).

**FURTHER ORDER:** The respondent is directed to promptly notify, in writing, any clients with cases currently pending before the Board, the Immigration Courts, or the DHS that he has been suspended from practicing before these authorities.

**FURTHER ORDER:** The respondent shall maintain records to evidence compliance with this order.

**FURTHER ORDER:** The Board directs that the contents of this notice be made available to the public, including at Immigration Courts and appropriate offices of the DHS.

**FURTHER ORDER:** The respondent may petition the Board for reinstatement to practice before the Board, the Immigration Courts, and the DHS pursuant to 8 C.F.R. § 1003.107(b).